IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

ARNUFLO ONOFRE ROJAS,

Petitioner,

vs.

WARDEN OF THE LINCOLN COUNTY JAIL, in their official capacity, et al.,

Respondents.

8:26-CV-427

ORDER

The petitioner has filed a petition for a writ of habeas corpus, seeking immediate release from U.S. Immigration and Customs Enforcement custody, or in the alternative a custody redetermination and bond hearing. Filing 1. The petitioner was detained on June 9, 2026, and alleges that his continued detention is unlawful. *See* filing 1 at 2; filing 7 at 3-4.[1]

---

[1] The government moves to dismiss the petition as moot, claiming that the petitioner has become subject to a final order of removal, so detention is now mandatory pursuant to 8 U.S.C. § 1231. Filing 9. The record doesn't support the government's argument. Rather, the documents provided by the government indicate that the petitioner was permitted voluntary departure in lieu of removal, and was not ordered to post a voluntary departure bond. Filing 11-4; *see generally* 8 U.S.C. § 1229c; 8 C.F.R. § 1240.26. That order *might* have matured into a final order of removal, because it required the petitioner to depart on or before September 3, 2026. *See* filing 11-4 at 1; *see generally* 8 C.F.R. § 1241.1(f) (order of removal becomes administratively final "[i]f an immigration judge issues an alternate order of removal in connection with a grant of voluntary departure, upon overstay of the voluntary departure period"). Or it might not have, because that deadline could have been extended. *See* § 1240.26(f). What is clear, however, is that when the government filed its motion to dismiss, the petitioner *wasn't* subject to a final order of removal. *See* filing 11-4. It's less clear whether he might be now, but "might be" isn't enough to dismiss the case on that basis.

But the petitioner's transfer into ICE custody was his first contact with U.S. immigration authorities after entering the United States at an unknown time and place. *See* filing 1 at 6; filing 7 at 3. He doesn't claim that, prior to his detention, he had been admitted or paroled into the country. *See* filing 1; filing 7 at 3. Accordingly, this case presents a straightforward application of the Eighth Circuit's decision in *Avila v. Bondi*, 170 F.4th 1128 (8th Cir. 2026): The petitioner was "seeking admission" to the United States when detained, and is subject to detention without bond pursuant to 8 U.S.C. § 1225(b)(2)(A).[2]

IT IS ORDERED:

1. The petition for writ of habeas corpus is denied without prejudice.

2. The government's motion to dismiss (filing 9) is denied.

3. A separate judgment will be entered.

Dated this 8th day of September, 2026.

BY THE COURT:

John M. Gerrard
Senior United States District Judge

[2] This Court has held that under some circumstances, for some aliens who have entered into and established residence in the United States, indefinite detention without a bond hearing pursuant to § 1225(b)(2)(A) violates due process. *Oporta v. Mullin*, No. 8:26-CV-363, 2026 WL 2224753 (D. Neb. Aug. 3, 2026). The Court hasn't taken a position, to date, on when a detention is so prolonged that a person's liberty interests are implicated. *Id.* at *4 n.1. But the petitioner's detention remains presumptively reasonable at this point. *Cf. Zadvydas v. Davis*, 533 U.S. 678, 701 (2001).